ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 20, 2010

The Honorable Lynda K. Russell
123rd Judicial District Attorney
Shelby County
200 San Augustine Street, Suite #12
Center, Texas 75935

Opinion No. GA-0755

Re: Whether a county or the state must defend a district attorney in a civil lawsuit, and whether a district attorney may use asset forfeiture funds to pay for her defense in such a suit (RQ-0816-GA)

Dear Ms. Russell:

You ask several questions regarding the defense of a district attorney "in a federal civil rights lawsuit filed under 42 USC 1983" involving "actions she took in the course and scope of performing her official duties."[1]

First, you ask whether a county commissioners court has a duty to pay for a district attorney's legal defense in a civil lawsuit. *See* Request Letter at 3–5. You limit your analysis to Local Government Code section 157.901. *Id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 157.901(a)–(b) (Vernon 2008) (providing that a county official or employee is "entitled to be represented" in some circumstances). We limit our analysis accordingly.

You point out that "[t]he attorney general has determined that a district attorney is a district officer and not a county officer" for purposes of section 157.901. *See* Request Letter at 6; Tex. Att'y Gen. Op. Nos. JC-0047 (1999) at 2 (explaining that section 157.901 does not apply to district officers like district judges), JM-1276 (1990) at 11–12 (identifying a district attorney as an example of a non-county official for purposes of section 157.901), MW-252 (1980) at 2 (concluding that predecessor statute did not apply to district officers such as a district attorney). Finding no case law that construes section 157.901 differently, we agree with the conclusion of those prior opinions. Local Government Code section 157.901 does not require a county commissioners court to pay for a district attorney's legal defense. Thus, a commissioners court has no duty under section 157.901 to pay for a district attorney's legal defense in a civil lawsuit.

Your second question asks whether the State of Texas must indemnify a district attorney for court costs and attorney's fees under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035. *See* Request Letter at 3, 6; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 104.001

---

[1]Request Letter at 2–3 (*available at* http://www.texasattorneygeneral.gov).

(Vernon Supp. 2009) ("State Liability; Persons Covered"), 104.0035 (Vernon 2005) ("State Liability; Criminal Prosecution"). This issue was addressed in a recent attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0523 (2007) at 1–2 (explaining that "a criminal district attorney must be considered to be an employee or officer of a 'state agency, institution, or department' for chapter 104 to apply") (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 104.001(1) (Vernon Supp. 2009)). That opinion concluded that a criminal district attorney was not a covered person under section 104.001. *See id.* As the court in *Hill County v. Sheppard*, 178 S.W.2d 261 (Tex. 1944) explains, a criminal district attorney is simply a "class or kind" of district attorney. 178 S.W.2d at 263; *see also* Tex. Att'y Gen. Op. No. GA-0523 (2007) at 2 (citing to *Hill County v. Sheppard*). Finding no case law that construes section 104.001 differently, we reaffirm Attorney General Opinion GA-0523's conclusion that a district attorney is not a covered person under section 104.001. The State has no duty to indemnify a district attorney under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035.

Your third question asks whether Code of Criminal Procedure article 59.06(c)(1) authorizes the use of asset forfeiture funds to pay for a district attorney's civil legal defense. Request Letter at 3, 7. Article 59.06(c)(1) provides that when an attorney representing the state executes a local agreement with a law enforcement agency, the attorney may deposit forfeiture funds into "a special fund in the county treasury for the benefit of the office of the attorney representing the state, *to be used by the attorney solely for the official purposes of his office*." TEX. CODE CRIM. PROC. ANN. art. 59.06(c)(1) (Vernon Supp. 2009) (emphasis added). You conclude that "[w]hen the elected prosecutor has been sued civilly for acts done while in the performance of her official duties . . . that the defense expenditure is" an "official purpose" of the office. Request Letter at 7.

In a recent opinion, this office examined the kind of expenditures that are "solely for the official purposes" of the district attorney's office. *See* Tex. Att'y Gen. Op. No. GA-0613 (2008) at 6–8. We concluded in that opinion that only those expenditures related to the district attorney's duties and functions as delineated by statute or the constitution constitute permissible expenditures under article 59.06(c)(1). *See id.* In that way, the opinion adopted a narrow construction of the phrase "official purpose." *See id.* at 5–6 (rejecting a broad construction of the statute that would include any expenditure that fell short of an expenditure for a private purpose).

We find no provision of state law that addresses a district attorney's duty or function to pay for her own legal defense in a civil suit, and thus, it follows that the payment of such costs is not an official purpose of that office within the meaning of article 59.06(c)(1). Accordingly, we conclude that forfeiture funds may not be used under Code of Criminal Procedure article 59.06(c)(1) to pay for a district attorney's own civil legal defense.[2]

---

[2]Finally, you ask about the indemnification protection, if any, available to a district attorney's support staff in a civil suit. *See* Request Letter at 3. Because the issue raised in your fourth question is not briefed and because this issue is characterized by you as being "subsumed" in your first three questions, we do not separately address your fourth question. *Id.* at 3, n.1.

## S U M M A R Y

A county commissioners court has no duty to provide for the defense of a district attorney pursuant to Local Government Code section 157.901. The state is not obligated to indemnify a district attorney under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035. A district attorney is not authorized to utilize forfeiture funds under Code of Criminal Procedure article 59.06(c)(1) to pay for the district attorney's legal defense.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee